IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:02CR3020 |
| | ) | |
| v. | ) | |
| | ) | |
| RODRIGO RODRIGUEZ-MENDEZ, | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S MOTION TO DISMISS |
| Defendant. | ) | THE INDICTMENT |
| | ) | |

On July 25, 2005, the defendant, Rodrigo Rodriguez-Mendez, filed a motion to dismiss the indictment for lack of jurisdiction. (Filing 88.) I have studied the defendant's motion and the government's response, (see filing 90), and I find as follows.

**I.   BACKGROUND**

A three-count indictment was filed in this court on February 21, 2002, charging the defendant with conspiring "to distribute and possess with intent to distribute 500 grams or more of . . . methamphetamine . . . , a Schedule II controlled substance," in violation of 21 U.S.C. § 846 (Count I); possessing with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1) (Count II); and using a firearm to conduct a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count III). (Filing 1.) On March 28, 2002, the defendant pleaded not guilty to the charges. (See filing 4.)

A three-count superceding indictment was filed on October 21, 2002. (See filing 35.) Generally speaking, the superceding indictment set forth the same charges as the original indictment. However, in the superceding indictment, the words, "willfully, knowingly, and unlawfully," which appeared Counts I and II of the original indictment, were changed to "knowingly and intentionally." (Compare filing 1 with filing 35.) Also, an allegation identifying the make and model of the firearm that the defendant allegedly used to conduct a drug trafficking crime was added to Count III of the superceding indictment. (Compare filing 1 with filing 35.)

1

Most significantly, the superceding indictment altered the dates specified in Counts II and III of the original indictment. (Compare filing 1 with filing 35.) The defendant pleaded not guilty to all charges set forth in the superceding indictment. (See filing 38.)

On October 23, 2002, the government filed an "Information to Establish Prior Convictions," wherein it alleged that the defendant "has been twice previously convicted of . . . felony drug offenses under the . . . laws of California," and that he is therefore "subject to increased punishment as provided by federal law." (Filing 39 at 2.) According to the information, the first of these convictions was based upon "a violation of Section 11351 of the California Health and Safety Code, Possession of Heroin for Sale," for which the defendant received a sentence of 180 days in jail and 60 months of probation. (Id. at 1.) The defendant's second conviction was also based upon a violation of 11351 of the California Health and Safety Code, but on this occasion the defendant was sentenced to two years of imprisonment. (See id. at 1-2.)

On October 28, 2002, a jury found the defendant guilty on all counts. (See filings 44, 47.) The defendant received a life sentence on Count I, a 480-month sentence on Count II, and a 60-month sentence on Count III, with the sentences on Counts I and II to run concurrently and the sentence on Count III to run consecutively. (See filing 60 at 2.) The defendant appealed, arguing that the evidence was insufficient to support his conviction. (See filings 61, 82.) However, in an opinion filed on July 15, 2003, the Eighth Circuit affirmed the defendant's conviction and sentence. (See filing 82.) See also United States v. Rodriguez-Mendez, 336 F.3d 692 (8th Cir. 2003).

The defendant has now filed a motion to dismiss the indictment for lack of jurisdiction. (See filing 88.)

## II.   ANALYSIS

The defendant states that his motion is based on Federal Rule of Criminal Procedure 12(b). (See filing 88 at 1.) That rule provides, in relevant part, that a motion alleging a defect in the indictment must be made before trial, "but at any time while the case is pending, the court may hear a claim that the indictment . . . fails to invoke the court's jurisdiction or to state an

offense." Fed. R. Crim. P. 12(b)(3)(B) (emphasis added).  Since the defendant's case is no longer pending, this rule does not avail him.  See United States v. Wolff, 241 F.3d 1055, 1056-57 (8th Cir. 2001) (per curium);[1] see also United States v. Valadez-Camarena, 402 F.3d 1259, 1260-

---

[1] In Wolff, the defendant argued that a "Rule 12(b)(2) motion challenging the district court's subject matter jurisdiction may be made at any time, including after final judgment." United States v. Wolff, 241 F.3d 1055, 1056 (8th Cir. 2001).  The Eighth Circuit rejected this argument, stating,

> Rule 12(b)(2) provides that a challenge to the court's jurisdiction may be "noticed by the court at any time during the pendency of the proceedings."  After final judgment was entered and Wolff did not file a direct appeal, the proceedings were no longer pending.  Therefore . . . Rule 12(b)(2) relief is no longer available.

Wolff, 241 F.3d at 1056-57 (citation omitted).  Federal Rule of Criminal Procedure 12(b)(2) was the predecessor to Rule 12(b)(3)(B).  In 2002, Rule 12(b) was "amended as part of the general restyling of the Criminal Rules to make them more easily understood and to make style and terminology consistent throughout the rules."  Fed. R. Crim. P. 12 advisory committee's note (2002 Amendments).  Prior to these amendments, and at the time of the Wolff decision, Rule 12(b)(2) stated, in relevant part, as follows:

> The following must be raised prior to trial:
> . . . .
> (2) Defenses and objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings) . . . .

Fed. R. Crim. P. 12(b)(2) (2001).  The 2002 amendments moved this provision to Rule 12(b)(3)(B), which now states,

> The following must be raised before trial:
> . . . .
> (B) a motion alleging a defect in the indictment or information–but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense . . . .

Fed. R. Crim. P. 12(b)(3)(B) (2005).  "No change in practice [was] intended" by this amendment.  Fed. R. Crim. P. 12 advisory committee's note (2002 Amendments).  Therefore, although Wolff involved the application of the pre-2002 version of Rule 12(b), it remains controlling authority.  The defendant's indictment cannot be dismissed pursuant to Rule 12(b)(3)(B) because his case is "no longer pending."  Wolff, 241 F.3d at 1057.

61 (10th Cir. 2005). Also, I note parenthetically that the defendant has not argued that his failure to make his motion in a timely fashion may be excused for good cause. See Fed. R. Crim. P. 12(e). Therefore, I find that the defendant's motion must be denied as untimely insofar as it is based upon Federal Rule of Criminal Procedure 12(b).

Although the defendant's motion purports to be based upon Rule 12(b), his references to Harris v. United States, 149 F.3d 1304, 1308-09 (11th Cir. 1998) and Jones v. United States, 224 F.3d 1251, 1259-60 (11th Cir. 2000), which concern motions brought pursuant to 28 U.S.C. § 2255, suggest that the defendant's motion might also be based upon § 2255. (See filing 88 at 1.) The government submits that if I were to convert the defendant's Rule 12(b)(3) motion into one brought pursuant to 28 U.S.C. § 2255, I would be required to deny it. (See filing 90 at 4-6.) Specifically, the government argues, among other things, that the defendant did not file his motion within the one-year limitations period specified in § 2255, ¶ 6. The government's argument is not without merit. However, it is not clear that the defendant meant to base his motion upon § 2255, and I cannot convert the defendant's Rule 12(b)(3) motion into one brought pursuant to § 2255 without first warning him "of the restrictions on second or successive motions, and of the one-year limitations period, set forth in 28 U.S.C. § 2255." Morales v. United States, 304 F.3d 764, 767 (8th Cir. 2002). The defendant must also be given an opportunity either to consent to the reclassification of his motion or to withdraw it. See id.

I shall give the defendant leave to submit a request that his motion be considered as one brought pursuant to § 2255. If the defendant chooses to submit such a request, it must be filed within thirty days of the date of this memorandum and order. The defendant is warned that 28 U.S.C. § 2255 limits a defendant's ability to file second or successive motions, and that § 2255 motions must be filed within the one-year limitations period set forth in the statute. I also warn the defendant that, as the government correctly notes, one year has already passed since his judgment of conviction became final. See 28 U.S.C. § 2255, ¶ 6(1); Clay v. United States, 537 U.S. 522, 532 (2003).

If the defendant chooses not to submit such a request within thirty days, I shall take it that he does not want his motion to be considered as a § 2255 motion and that he would prefer to withdraw it.

4

**IT IS ORDERED** that:

1. The defendant's "[Motion] to Dismiss the Indictment in the Instant Matter Based Upon Lack of Jurisdiction," filing 88, is denied as untimely insofar as it is brought pursuant to Federal Rule of Criminal Procedure 12(b);

2. Within thirty days of the date of this order, the defendant may submit a request that his motion be considered as if it were brought pursuant to 28 U.S.C. § 2255; and

3. If, after thirty days have passed, the defendant has not filed a request that his motion be reclassified as a § 2255 motion, his motion shall be deemed to have been withdrawn.

Dated September 19, 2005.

BY THE COURT


s/ Warren K. Urbom
United States Senior District Judge