IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:02CR3020 |
| | ) | |
| v. | ) | |
| | ) | |
| RODRIGO RODRIGUEZ-MENDEZ, | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S PETITION FOR WRIT OF |
| Defendant. | ) | ERROR CORAM NOBIS |
| | ) | |

On October 11, 2005, the defendant, Rodrigo Rodriguez-Mendez, filed a petition for a writ of error coram nobis. (Filing 94.) For the following reasons, I find that the defendant's petition must be denied. .

The relevant background is summarized in my memorandum and order of September 19, 2005, (see filing 92 at 1-2), and need not be repeated in full here. The defendant was charged with violations of 21 U.S.C. § 846 (Count I); 21 U.S.C. § 841(a)(1) and (b)(1) (Count II); and 18 U.S.C. § 924(c) (Count III). Ultimately he was convicted on all counts and sentenced to life imprisonment on Count I, 480 months' imprisonment on Count II, and sixty months' imprisonment on Count III, with the sentences on Counts I and II to run concurrently and the sentence on Count III to run consecutively. The defendant's conviction and sentence were affirmed on appeal on July 15, 2003.

The defendant now seeks to "vacate the sentence imposed based upon his lingering civil disability," on the ground that he "qualifies for [a] Writ of Error Coram Nobis." (Filing 94 at 1.) "A writ of coram nobis is an 'extraordinary remedy,' and courts should grant the writ 'only under circumstances compelling such action to achieve justice' and to correct errors 'of the most fundamental character.'" United States v. Camacho-Bordes, 94 F.3d 1168, 1173 (8th Cir. 1996) (quoting United States v. Morgan, 346 U.S. 502, 511-12 (1954)). The writ is available to criminal defendants pursuant to the All Writs Act, which provides, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary and appropriate in aid of their

respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). See also Camacho-Bordes, 94 F.3d at 1171 n.2.  However, "'[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'"   United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000) (per curium) (quoting Carlisle v. United States, 517 U.S. 416, 429 (1996)).

        The defendant argues that he is eligible for coram nobis relief because no other remedy is available.  (See filing 94 at 2.)  However, as the government correctly notes, 28 U.S.C. § 2255 provides a means for federal prisoners to attack their sentences collaterally.  (See filing 97 at 6-9.)  When § 2255 is applicable, defendants may not turn to alternate sources of authority, such as the All Writs Act, merely because the limitations period for filing a § 2255 motion has expired. Cf. United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (holding that § 2255 is not "inadequate or ineffective," such that a prisoner may petition for a writ of habeas corpus under 28 U.S.C. § 2241, merely because the prisoner has allowed the limitations period under § 2255 to run); Noske, 235 F.3d at 406 ("The writ of coram nobis may not be used to circumvent the clear congressional directive embodied in the 'second or successive' provisions of § 2255." (quoting United States v. Barrett, 178 F.3d 34, 55 (1st Cir. 1999))).  Moreover, the Eighth Circuit has consistently held that coram nobis is not available to federal prisoners.  See Noske, 235 F.3d at 406 (citing United States v. Kindle, 88 F.3d 535, 536 (8th Cir. 1996) (per curium)); Zabel v. United States Attorney, 829 F.2d 15, 17 (8th Cir. 1987) (per curium)); Camacho-Bordes, 94 F.3d at 1172 n.6 (citing United States v. Little, 608 F.2d 296, 299 n.5 (8th Cir. 1979)).  Since the defendant remains in federal custody, he is not eligible for coram nobis relief.

**IT IS ORDERED** that the defendant's petition for a writ of error coram nobis, filing 94, is denied.

Dated November 21, 2005.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge