IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | 4:02CR3020 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S MOTION FOR |
| RODRIGO RODRIGUEZ-MENDEZ, | ) | REDUCTION OF SENTENCE PURSUANT |
| | ) | TO 18 U.S.C. § 3582(c)(2) |
| Defendant. | ) | |

On June 8, 2007, the defendant, Rodrigo Rodriguez-Mendez, filed a motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Filing 94.) For the following reasons, I must deny the defendant's motion.

The relevant background is summarized in my memorandum and order of September 19, 2005, (see filing 92 at 1-2), and need not be repeated here in full. The defendant was charged with violations of 21 U.S.C. § 846 (Count I); 21 U.S.C. § 841(a)(1) and (b)(1) (Count II); and 18 U.S.C. § 924(c) (Count III). He was convicted on all counts, and on December 19, 2002, he was sentenced to life imprisonment on Count I, 480 months' imprisonment on Count II, and sixty months' imprisonment on Count III, with the sentences on Counts I and II to run concurrently and the sentence on Count III to run consecutively. On July 15, 2003, the defendant's conviction and sentence were affirmed on appeal.

The defendant now argues that his sentence must be reduced pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c) provides, in relevant part, as follows.

> The court may not modify a term of imprisonment once it has been imposed except that–
>
> . . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant . . .

1

> the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).  Thus, under this statute, "[f]avorable guidelines amendments may be used to reduce <u>an earlier sentence</u> if such a reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.'"  <u>Delgado v. United States</u>, 162 F.3d 981, 983 (8th Cir. 1998) (quoting 18 U.S.C. § 3582(c)(2)) (emphasis added).  The "applicable policy statement" appears in USSG § 1B1.10.  <u>See</u> <u>United States v. Hasan</u>, 245 F.3d 682, 686 (8th Cir. 2001).  That section states,

> Where a defendant is serving a term of imprisonment, and <u>the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below</u>, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2).  If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

USSG § 1B1.10(a) (emphasis added).  Therefore, if an amendment to the Guidelines is not listed in USSG § 1B1.10(c), that amendment cannot be applied retroactively to reduce a defendant's sentence.

If, however, a Guidelines amendment <u>is</u> listed in section 1B1.10(c), it does not follow that a defendant is entitled to a sentence reduction as a matter of right.  Instead, the court must engage in a two-step inquiry to determine whether and to what extent a downward departure is warranted.  <u>See</u> <u>Hasan</u>, 245 F.3d at 684-85; <u>United States v. Wyatt</u>, 115 F.3d 606, 609 (8th Cir. 1997).

> First, by substituting only the amended sentencing range for the originally determined sentencing range, and leaving all other previous factual decisions concerning particularized sentencing factors (e.g., role in the offense, obstruction of justice, victim adjustments, more than minimal planning, acceptance of responsibility, number of plants, etc.) intact, <u>the district court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing</u>.  Second, having made the first determination, the district court must consider that determination together with the general sentencing considerations contained in section 3553(a) and, in the exercise of its thus informed discretion, decide whether or not to modify the original

sentence previously imposed.

Wyatt, 115 F.3d at 609 (emphasis added).

The defendant argues that his sentence must be reduced in light of Amendment 506 to the United States Sentencing Guidelines Manual. (See Def.'s Mot., filing 106, at 4.) See also USSG App. C, Vol. I, amend. 506 (Nov. 1, 1994). Amendment 506 is listed in USSG § 1B1.10(c), which indicates that it might be applied retroactively to reduce a defendant's sentence. But Amendment 506, which became effective on November 1, 1994, predated Mr. Rodriguez-Mendez's sentencing in December 2002. In addition, it appears that Amendment 506 has been invalidated by the Supreme Court of the United States. See United States v. LaBonte, 520 U.S. 751 (1997); see also United States v. Bell, 445 F.3d 1086, 1090 (8th Cir. 2006) (noting that the majority in Labonte invalidated Amendment 506); United States v. Robinson, 119 F.3d 663, 667 (8th Cir. 1997) (citing United States v. Fountain, 83 F.3d 946 (8th Cir. 1996)); United States v. Love, No. CR94-1003, 2005 WL 2347106, at *5 (N.D. Iowa Sept. 26, 2005). In any case, there is no merit to the defendant's argument that Amendment 506, which was adopted and invalidated well before the defendant's sentencing, can be applied retroactively to reduce the defendant's sentence.

**IT IS ORDERED** that the defendant's "Motion for Reduction in Sentence," filing 106, is denied.

Dated November 7, 2007.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge