IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 4:02CR3020 |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER ON |
| v. ) | DEFENDANT'S MOTION TO VACATE, |
| ) | SET ASIDE OR CORRECT SENTENCE |
| RODRIGO RODRIGUEZ-MENDEZ, ) | PURSUANT TO 28 U.S.C. § 2255 |
| ) | |
| Defendant. ) | |
| ) | |

On March 8, 2011, the defendant, Rodrigo Rodriguez-Mendez, filed a "Motion Under Title 28 USC § 2255 to Vacate, Set Aside, and Correct The Sentence." (ECF No. 111.) For the following reasons, the defendant's motion will be denied.

**I. BACKGROUND**

A three-count indictment filed on February 21, 2002, charged the defendant with conspiring "to distribute and possess with intent to distribute 500 grams or more of . . . methamphetamine," in violation of 21 U.S.C. § 846 (Count I); possessing with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1) (Count II); and using a firearm to conduct a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count III). (ECF No. 1.) The defendant pleaded not guilty to the charges on March 28, 2002. (See ECF No. 4.)

A superceding indictment was filed on October 21, 2002. (See ECF No. 35.) The superceding indictment included the same charges as the original indictment, but it also incorporated a number of changes in wording. For example, the dates alleged in Counts II and III of the original indictment were altered in the new indictment. (Compare ECF No. 1 with ECF No. 35.) On October 21, 2002, the defendant pleaded not guilty to all of the charges set forth in the superceding indictment. (See ECF No. 38.)

On October 23, 2002, the government filed an "Information to Establish Prior Convictions" pursuant to 21 U.S.C. § 851(a)(1). (ECF No. 39.) In the information, the government identified the

1

defendant's two prior felony convictions for drug trafficking crimes–each of which were violations of Section 11351 of the California Health and Safety Code.  (See id.)

On October 28, 2002, a jury found the defendant guilty on all three counts.  (See ECF Nos. 44, 47.)  I sentenced the defendant to a term of life for Count I, 480 months for Count II, and 60 months for Count III, with the sentences on Counts I and II to run concurrently, and the sentence on Count III to run consecutively to the other sentences.  (ECF No. 60.)  The defendant's two prior felony convictions for drug trafficking crimes resulted in a mandatory life sentence under Count I, in accordance with 21 U.S.C. § 841(b)(1)(A).  (See, e.g., Sentencing Hr'g Tr. at 47-48, ECF No. 69-2.)

The defendant appealed, challenging the sufficiency of the evidence against him. On July 15, 2003, the Eighth Circuit affirmed the judgment against the defendant.  (ECF No. 82.)  See also United States v. Rodriguez-Mendez, 336 F.3d 692 (8th Cir. 2003.)

On July 25, 2005, the defendant filed a motion to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b).  (ECF No. 88.)  In a memorandum and order filed on September 19, 2005, I found that the defendant's motion was untimely insofar as it was brought pursuant to Rule 12(b), but I granted the defendant leave to submit a request that his motion be construed as a § 2255 motion.  (See generally ECF No. 92.)  I warned the defendant, however, that a § 2255 motion would be subject to a one-year limitations period.  (See id. at 4.)  On October 7, 2005, the defendant moved to withdraw his motion to dismiss, (ECF No. 93), and his motion to withdraw was granted on October 11, 2005, (ECF No. 95).

On October 11, 2005, the defendant filed a petition for a writ of error coram nobis.  (ECF No. 94.)  I denied this petition in a memorandum and order dated November 21, 2005.  (ECF No. 98.)

On June 8, 2007, the defendant filed a motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 106.)  I denied the defendant's motion on November 7, 2007.  (ECF No. 110.)

On March 8, 2011, the defendant filed the instant § 2255 motion.  (ECF No. 111.)  The government has filed an answer and a brief in response to the defendant's motion.  (ECF Nos. 113-114.)

## II. STANDARD OF REVIEW

Section 2255(a) states, "A prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). "A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error." Id. (citations omitted).

"A § 2255 movant is entitled to an evidentiary hearing unless 'the motion and the files and records of the case conclusively show that [he] is entitled to no relief.'" Sinisterra v. United States, 600 F.3d 900, 906 (8th Cir. 2010) (quoting 28 U.S.C. § 2255(b)). "No hearing is required where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Id. (quoting Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007)). See also Tinajero-Ortiz v. United States, 635 F.3d 1100, 1105 (8th Cir. 2011) ("A § 2255 motion can be dismissed without a hearing if '(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" (quoting Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003))).

## III. ANALYSIS

The defendant argues that he is entitled to relief under § 2255 because "his prior(s) conviction [sic] were adjudicated in error" and "the Supreme Court has drastically changed the landscape of how the court[]s addressed prior convictions." (Mot. at 2, ECF No. 111.) I find, however, that the defendant's motion is untimely, and for this reason it must be denied.

As the government noted in its thorough response brief, (ECF No. 114), § 2255 motions are subject to a one-year limitation period running from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Section 2255(f)(1) does not avail the defendant because he did not file his motion within one year of the date on which his judgment of conviction became final. See United States v. Hernandez, 436 F.3d 851, 856 (8th Cir. 2006) (indicating that defendant's conviction became final ninety days after the court of appeals issued its ruling on his direct appeal). (See also Mandate/Judgment, ECF No. 86 (indicating that the court of appeals' opinion was filed on July 15, 2003, and its mandate was filed on August 8, 2003); Mot., ECF No. 111 (indicating that the defendant's § 2255 motion was not filed until March 9, 2011).) There is no indication that § 2255(f)(2) applies in this case; the defendant's motion does not allege that the government took any unlawful action that prevented the defendant from making his motion. Similarly, I find that § 2255(f)(4) is inapplicable because the defendant does not assert that the facts supporting his claim could not have been discovered through the exercise of due diligence within the year preceding the filing of his motion.

Although the defendant does not address the statute of limitations directly in his motion, it appears that he intends to rely on § 2255(f)(3). He states, "The instant case is based on a post-conviction change in the law that renders unlawful the district court's sentencing determination." (Mot. at 8, ECF No. 111.) He adds,

> Petitioner avers that a "constitutional violation(s) led to a sentence based on inaccurate information and false assumptions." More so, petitioner was sentenced on inaccurate information or false assumptions in violation of his rights to due process under the Fifth Amendment; more importantly, that the sentence imposed

> after applying the "criminal career statute" was incorrect, and the legal consequences of his prior offense have changed after Begay and its progeny.

(Id. at 8-9.) In support of his argument, he relies upon Begay v. United States, 553 U.S. 137 (2008), and a number of other Supreme Court cases. Apart from Begay, the most recent of these cases are Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010); Chambers v. United States, 555 U.S. 122 (2009); and Lopez v. Gonzalez, 549 U.S. 47 (2006).

Lopez was decided on December 5, 2006; Begay was decided on April 16, 2008; and Chambers was decided on January 13, 2009. The defendant did not file his § 2255 motion within one year of the date of any of these decisions. Therefore, even if I assume that these cases announced newly-recognized rights that were made applicable retroactively to cases on collateral review, the defendant's reliance upon these cases would not render his § 2255 motion timely under § 2255(f)(3).

Carachuri-Rosendo was decided on June 14, 2010, and the defendant did file his § 2255 motion within one year of that date. In Carachuri-Rosendo, the defendant, who was a lawful permanent resident, "faced deportation under federal law after he committed two misdemeanor drug possession offenses in Texas." 130 S. Ct. at 2580. The defendant argued that "he was eligible for discretionary relief from removal under 8 U.S.C. § 1229b(a)." 130 S. Ct. at 2580. To determine whether the defendant was eligible for this relief, the Supreme Court was required to decide whether he had been convicted of an "aggravated felony" within the meaning of 8 U.S.C. § 1229b(a)(3). "The Court of Appeals held that a simple drug possession offense, committed after the conviction for a first possession offense became final, is always an aggravated felony." 130 S. Ct. at 2580. The Supreme Court reversed, holding that "second or subsequent simple possession offenses are not aggravated felonies under § 1101(a)(43) when . . . the state conviction is not based on the fact of a prior conviction." 130 S. Ct. at 2580. See also id. at 2589 (explaining that the mere possibility that a defendant could have been prosecuted as a felon in federal court was insufficient; defendant must have been actually convicted in state court of a crime that is a felony under federal law). I do not see how the Court's holding in Carachuri-Rosendo avails the defendant. Moreover, for the reasons explained below, I find that Carachuri-Rosendo did not trigger the running of the one-year limitations period for filing § 2255 motions.

As noted above, § 2255(f)(3) provides that a motion may be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court"–but only if that right was "made retroactively applicable to cases on collateral review." When a Supreme Court decision "results in a 'new rule,' that rule applies to all criminal cases still pending on direct review." Schriro v. Summerlin, 542 U.S. 348, 351 (2004) (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)). "As to convictions that are already final"–such as the defendant's–"the [new] rule applies only in limited circumstances." Id. "New substantive rules generally apply retroactively." Id. (citing, inter alia, Teague v. Lane, 489 U.S. 288, 311 (1989)). "New rules of procedure, on the other hand, generally do not apply retroactively." Id. at 352. See also Teague, 489 U.S. at 310-11. I therefore turn first to the question of whether Carachuri-Rosendo established a new substantive rule or a new procedural rule.[1]

A substantive rule is a "decision[] that narrow[s] the scope of a criminal statute by interpreting its terms," or a "constitutional determination[] that place[s] particular conduct or persons covered by the statute beyond the State's power to punish." Shriro, 542 U.S. at 351-52 (citations omitted). See also id. at 352 n.4 (explaining that rules placing particular conduct or persons covered by the statute beyond the State's power to punish have sometimes been referred to as "an exception to Teague's bar on retroactive application of procedural rules," but "they are more accurately characterized as substantive rules not subject to the bar"). In other words, "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." Id. at 353. "Such rules apply retroactively because they 'necessarily carry a significant risk that a

---

[1] To determine whether Carachuri-Rosendo established a "new rule" generally, I must "assay the legal landscape" at the time when the defendant's conviction became final–i.e., approximately November 2003–and ask "whether the rule later announced in Carachuri-Rosendo] was dictated by then-existing precedent." Beard v. Banks, 542 U.S. 406, 413 (2004) (quoting Lambrix v. Singletary, 520 U.S. 518, 527-28 (1997)). Carachuri-Rosendo is based upon the Court's decision in Lopez v. Gonzalez, which was decided after the defendant's conviction became final. Lopez resolved "a conflict in the Circuits about the proper understanding of conduct treated as a felony by the State . . . but as a misdemeanor under the [Controlled Substances Act.]" 549 U.S. at 52. It appears that reasonable jurists differed as to whether Lopez compelled Carachuri-Rosendo. See, e.g., Fernandez v. Mukasey, 544 F.3d 862, 867, 870-71 (7th Cir. 2008). I shall therefore assume, for the purposes of this memorandum, that Carachuri-Rosendo announced a "new rule."

6

defendant stands convicted of an act that the law does not make criminal' or faces a punishment that the law cannot impose upon him." Id. at 352 (quoting Bousley v. United States, 523 U.S. 614, 620 (1998)) (internal quotation marks omitted). Carachuri-Rosendo did not alter the range of conduct or the class of persons that the law punishes; rather, it addressed the characterization of prior state offenses as "aggravated felonies" for the purposes of federal law. It did not establish a new substantive rule.

New rules of procedure "do not produce a class of persons convicted of conduct the law does not make criminal." Schriro, 542 U.S. at 352. Instead, they "merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. See also id. at 353 ("[R]ules that regulate only the manner of determining the defendant's culpability are procedural."). "Because of this more speculative connection to innocence," the Supreme Court "give[s] retroactive effect to only a small set of 'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" Id. at 352 (quoting Saffle v. Parks, 494 U.S. 484, 495 (1990)) (internal quotation marks omitted). "That a new procedural rule is 'fundamental' in some abstract sense is not enough; the rule must be one 'without which the likelihood of an accurate conviction is seriously diminished.'" Id. (quoting Teague, 489 U.S. at 313). It is noteworthy that "[t]his class of rules is extremely narrow, and 'it is unlikely that any has yet to emerge.'" Id. (quoting Tyler v. Cain, 533 U.S. 656, 667 n.7 (2001)) (marks denoting alterations omitted).

Carachuri-Rosendo established a new procedural rule; as noted above, it altered the analysis used to determine whether a prior state conviction constitutes an aggravated felony under federal law. It did not, however, establish a "watershed rule" of criminal procedure that implicates the fundamental fairness and accuracy of the criminal proceeding. Schriro, 542 U.S. at 352. In other words, it cannot be said that Carachuri-Rosendo established a procedure "implicit in the concept of ordered liberty" and "central to an accurate determination of innocence or guilt" that somehow had not emerged in the law at any time previously. Beard v. Banks, 542 U.S. 406, 417 (2004) (citations omitted). Rather, it applies relatively narrowly and does not work a "fundamental shift" in the Court's "'understanding of the bedrock procedural elements' essential to fundamental fairness." Id. at 420 (quoting O'Dell v. Netherland, 521 U.S. 151, 167 (1997)). In short, I agree with the

government that Carachuri-Rosendo did not establish a procedural rule that applies retroactively to cases on collateral review. Thus, the Court's decision in Carachuri-Rosendo did not trigger the running of the one-year limitation period set forth in § 2255(f)(3).

The defendant did not file his § 2255 motion within one year of any of the dates specified in § 2255(f). Equitable tolling of the filing deadline is available to § 2255 movants, but there is no indication that equitable tolling is warranted in this case. See United States v. Martin, 408 F.3d 1089, 1093, 1095 (8th Cir. 2005) (holding that "equitable tolling is appropriate where 'extraordinary circumstances' beyond a prisoner's control prevent timely filing" and the "movant has demonstrated diligence in pursuing the matter"). The motion is untimely, and no hearing is warranted.

Although the connection between the defendant's case and Carachuri-Rosendo is elusive, it appears that the Eighth Circuit has not yet determined whether Carachuri-Rosendo is applicable retroactively to cases on collateral review. I therefore find that the defendant has made a substantial showing of the denial of a constitutional right, and I will issue a certificate of appealability on the question of whether Carachuri-Rosendo applies retroactively to cases on collateral review.

**IT IS ORDERED** that:

1. the defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 111), is denied; and

2. a certificate of appealability is issued on the question of whether the Supreme Court's decision in Carachuri-Rosendo applies retroactively to cases on collateral review.

Dated August 29, 2011.

                              BY THE COURT

                              s/ Warren K. Urbom
                              United States Senior District Judge