IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:02-CR-3020 |
| vs. | MEMORANDUM AND ORDER |
| RODRIGO RODRIGUEZ-MENDEZ, | |
| Defendant. | |

This matter is before the Court on the defendant's *pro se* "Request for Adjustment of Sentence Under the 'Holloway Doctrine' . . . Pursuant to Writ of Audita Querela and or Fed. R. Civ. P. 60(d)" (filing 120). The defendant's motion must, unfortunately, be denied.

## BACKGROUND

The defendant was convicted in 2002 after a jury trial of one count of conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine, one count of possession with intent to distribute methamphetamine, and possession of a firearm during a drug trafficking crime. *See* filing 35; filing 44; filing 60. He had previously been convicted of two felony drug offenses. Filing 39. So, pursuant to 21 U.S.C. § 841(b)(1), he was subject to "a mandatory term of life imprisonment without release" on the conspiracy count. *See* filing 69-2 at 8-9. He was sentenced to life imprisonment on that count, a concurrent sentence of 480 months' imprisonment for possession with intent to distribute, and a consecutive sentence of 60 months' imprisonment on the firearm count. Filing 60 at 2.

The defendant filed a motion for writ of error coram nobis (filing 94) in 2005 that the Court denied. Filing 98. He filed a motion for reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) (filing 106) in 2007, which the Court also denied. Filing 110. And then he filed a § 2255 motion (filing 111) in 2011, which the Court denied as untimely. Filing 115.

DISCUSSION

The basis of the defendant's new motion is *United States v. Holloway*, 68 F. Supp. 3d 310, 312 (E.D.N.Y. 2014), in which a petitioner filed a motion to reopen his 28 U.S.C. § 2255 proceedings and the district court, recognizing its lack of authority to grant the motion, nonetheless asked the U.S. Attorney to consider agreeing to an order vacating some of the petitioner's convictions, noting the petitioner's extraordinary rehabilitation. *Holloway*, 68 F. Supp. 3d at 314-15. And the U.S. Attorney agreed to permit the petitioner to be resentenced. *Id.* at 315-16.

But *Holloway* does not stand for the proposition that the Court has general authority to resentence a defendant—and it doesn't. *See Dillon v. United States*, 560 U.S. 817, 819 (2010). Courts are, in fact,

> strictly limited in their ability to modify sentences. Indeed, as a general matter, "court[s] may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). There are only three narrow exceptions to this rule: a court can modify a term of imprisonment (1) upon motion of the Bureau of Prisons; (2) when expressly permitted by statute; or (3) when the applicable sentencing range of the U.S. Sentencing Guidelines has been amended and made retroactive. *See* 18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(B), (c)(2).

*United States v. Ledezma-Rodriguez*, 249 F. Supp. 3d 979, 981-82 (S.D. Iowa 2017). And none of those provisions are invoked here, meaning there is no basis to conclude that the Court has authority to reduce the defendant's sentence.[1] *See id.*

Instead, the defendant relies first on Rule 60(d). But as Rule 60(d) provides relief from a *civil* judgment, it can only be directed at the denial of the defendant's § 2255 motion. And the defendant claims to be disclaiming any reliance on constitutional violations, presumably to avoid his current motion being construed as a second or successive § 2255 motion. Filing 120 at 2. The problem, though, is that there's no *other* way to construe it—because the defendant seeks relief from his underlying conviction, instead of raising a defect in the integrity of his federal habeas proceedings, it can only be a "second or successive" § 2255 motion, requiring authorization from the Court of Appeals that the defendant does not have. *See* § 2255(h); *see also Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *Williams v. Kelley*, 854 F.3d 1002, 1009 (8th Cir. 2017); *United States v. Lee*, 792 F.3d 1021, 1023-25 (8th Cir. 2015); *United States v. Lambros*, 404 F.3d 1034, 1036-37 (8th Cir. 2005). The defendant's disclaimer of constitutional grounds for relief only means that his motion is cognizable under neither Rule 60(d) nor § 2255 itself.

The defendant also relies on the common-law writ of *audita querela*: "a writ, it is said, of a most remedial nature, and invented lest in any case there should be an oppressive defect of justice, where a party who has a good

---

[1] The *Holloway* court's solution to that problem, while well-intentioned, seems to rest on the assumption that the Court can assert authority so long as no one objects. This Court is not comfortable with that assumption. The limitation period on the Court's authority to modify a sentence is jurisdictional. *United States v. Holm*, 877 F.2d 677, 678 (8th Cir. 1989); *United States v. Colvin*, 644 F.2d 703, 704 (8th Cir. 1981). And jurisdiction cannot be conferred by consent. *E.g. Town of Elgin v. Marshall*, 106 U.S. 578, 580 (1883).

defence is too late in making it in the ordinary forms of law . . . ." *Humphreys v. Leggett*, 50 U.S. 297, 313 (1850) (cleaned up). But that does not avail the defendant either. Most fundamentally, at least in the civil context, Rule 60 "made clear that nearly all of the old forms of obtaining relief from a judgment"—including *audita querela*—have "been abolished." *United States v. Beggerly*, 524 U.S. 38, 44-45 (1998). To the extent that *audita querela* exists in the criminal context, it would only be "to plug a gap in the system of federal postconviction remedies"—and it is doubtful that such a gap exists. *See United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir. 1982).

And in any event, the defendant does not identify any good defense to the charges of which he stands convicted—he expressly states that he "no longer contests his guilt[.]" Filing 120 at 2. The sentence of life imprisonment he seeks to avoid is, in fact, a mandatory consequence of a charge he does not contest. To the extent that *audita querela* might be available, it is only "where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007). In other words,

> a claim that a criminal conviction is inequitable or unfair, or even grossly unfair, does not constitute a defense to, or discharge from, that conviction. *Audita querela* is not a wand which may be waved over an otherwise valid criminal conviction, causing its disappearance; rather, it provides relief from the consequences of a conviction when a defense or discharge arises subsequent to entry of the final judgment. The defense or discharge must be a legal defect in the conviction, or in the sentence which taints the conviction. Equities or gross injustice, in themselves, will not

satisfy the legal objection requirement and will not provide a basis for relief.

*United States v. Johnson,* 962 F.2d 579, 582 (7th Cir. 1992); *accord Doe v. I.N.S.,* 120 F.3d 200, 203-04 (9th Cir. 1997); *see Rawlins v. Kansas,* 714 F.3d 1189, 1193 (10th Cir. 2013); *United States v. Holder,* 936 F.2d 1, 5 (1st Cir. 1991); *United States v. LaPlante,* 57 F.3d 252, 253 (2d Cir. 1995); *United States v. Reyes,* 945 F.2d 862, 866 (5th Cir. 1991); *see also United States v. Ayala,* 894 F.2d 425, 429 (D.C. Cir. 1990). And the defendant's argument here is quite expressly based on inequity, not a legal defect in the judgment.

In sum, while the Court is sympathetic to the defendant's position, and aware of the damages that indiscriminate mandatory minimum sentences cause, the Court cannot find a lawful basis to grant the defendant's request for relief. The United States has not consented to the defendant's motion—but even if it had, that would not in the Court's view confer authority to vacate an otherwise valid conviction and sentence. Accordingly, the Court will deny the defendant's motion.

IT IS ORDERED that the defendant's motion to adjust his sentence (filing 120) is denied.

Dated this 12th day of April, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge